UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samuel Thomas,<br><br>                              Plaintiff,<br><br>           -v-<br><br>Frank Bisignano, Commissioner of Social Security,<br><br>                              Defendant. | 2:25-cv-6541<br>(NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Presently before the Court is an application to proceed in forma pauperis ("IFP") filed by counsel on behalf of plaintiff Samuel Thomas together with a Complaint seeking review pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), of a decision of the Commissioner of Social Security. (*See* Compl., ECF No. 1; IFP App., ECF No. 2.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). Alternatively, Thomas may pay the $405.00 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without

disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Thomas's application does not provide sufficient information for the Court to reasonably conclude that he is unable to afford the filing fee. For example, Thomas has responded with "0" or "NONE" to almost every question on the application. (*See* ECF No. 2.) Thomas explains that he "currently reside[s] with my mother and she covers all household expenses." (*Id*. at ¶ 6.) Indeed, Thomas has omitted any expenses for housing and other regular living expenses including utilities and transportation. (*Id*. *in toto.*) Thus, the present application raises more questions than it answers and does not demonstrate that Thomas is qualified to proceed IFP.

Accordingly, the IFP motion is denied without prejudice and with leave to renew on the enclosed Long Form IFP application. "In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily

provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (cleaned up). Further, "a court properly exercises its discretion to deny the [IFP] application" where it appears that the applicant's "access to [] court has not been blocked by his financial condition; rather [that] he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case.'' *Brooks v. Aiden 0821 Capital LLC*, No. 19-cv-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman*, 195 F. Supp. 2d at 537) (internal quotation marks omitted). Accordingly, Thomas shall include the financial information for his mother and any other person or persons who support him financially in the spaces marked "spouse" on the renewed application. Alternatively, Thomas may pay the $405.00 filing fee. Thomas shall either file the renewed IFP application or remit the filing fee within two (2) weeks of the date of this Order or the Complaint will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
December 22, 2025

                                       */s/ Nusrat J. Choudhury*
                                       NUSRAT J. CHOUDHURY
                                       United States District Judge